Clement J.
The question of fraudulent intent was one of fact and unless the findings are clearly against the weight of evidence, this court will not reverse the judgment on the facts.
On June 7, 1884, the defendants Dusenbury and wife, conveyed the premises in question to the defendant Honeywell, by deed, for an apparent consideration of $16,500, and on June 19th, Honeywell conveyed the same premises to Mrs. Durant for a recital consideration of one dollar. On July 7th, 1884, Mrs. .Durant executed a mortgage on the premises to Theodore F. *848 Miller for $900.00, and on January 30tb, 1885, also made another mortgage to Samuel Chichester lor $7,000.00 and Chichester assigned the latter mortgage to Durant as administrator of Thomas Durant, Avhich assignment was not recorded until September 11th, 1885.
This action was brought by the plaintiff as receiver of the property of the defendant, William W. Durant, to set aside as fraudulent the said conveyance and the mortgage made to Samuel Chichester as against the creditors of said Durant.
After the commencement of this action the mortgage to Theodore F. Miller, was foreclosed and on the sale a surplus remained of $2,397.81. Judgment was rendered at special term in favor of the plaintiff that his claim was a lien on said surplus moneys and from such judgment this appeal is taken.
The defendants claimed that Mrs. Durant took the title of the property on condition that she should mortgage the same to secure the debts of her husband, one Thomas Durant, and he as such administrator, had used the funds of the estate in his business and had thereby lost the same.
If the transaction was Iona fide why were the mortgages not executed on the delivery of the deed ? The Chichester mortgage was not executed until some months after the transaction and meantime a judgment had been recovered on the claim represented by the plaintiff.
A debtor has a right to prefer a creditor, but in this case it would seem that Mr. Durant did not intend to have the Chichester mortgage made unless it became necessary to defeat the claim of plaintiff.
■ The testimony of Mr. and Mrs. Durant is very indefinite as to the agreement at the time of the conveyances and if no agreement was made at that time, then the transfer was void as to plaintiff, as Durant was insolvent.
If Durant retained control of the property and could direct to whom mortgages should be given, then it was fair to hold as matter of fact that the transaction was not in good faith; a debtor cannot even prefer a creditor if it is done with a fraudulent intent. (Billings v. Russel, 101 N. Y. 226.) After reading the testimony we think that the findings as to fraud are supported by the evidence in the case.
There are several questions of law raised in the points of the appellant which we are called upon to review.
A proceeding supplementary to execution, is a special proceeding in the action and the same presumption exists since the enactment of the Code of Civil Procedure as under the Code of Procedure (Graves v. Scoville, general term, city court of Brooklyn, opinion filed November 23, 1885, affirmed in the court of appeals without opinion.)
It is not disputed that the city court of New York has power *849 to appoint a receiver in supplementary proceedings, but it is claimed that such court cannot appoint a receiver of real property in Kings county or give him leave to bring a suit in that county to set aside a conveyance.
A receiver in supplemental proceedings is appointed under section 2464 of the Code and by section 2468 the title to real property vests in the receiver when a copy of the order is filed in the county where the land is located.
Such receiver does not derive his authority to hold real estate under section 716 of the Code and any judge who has jurisdiction to entertain supplementary proceedings, has the power to appoint a receiver. In other words, the receiver duly appointed by a judge of the city court of New York, has the same rights as a receiver in supplementary proceedings duly appointed by a judge of the supreme court.
The order granting leave to sue must be made by the court out of which the execution issued (section 2471) and therefore the order was properly obtained in the city court of New York.
It appeared that the instrument given by the receiver as a bond was without seals and it is contended that such paper is void.
The omission of the seals in our opinion was an irregularity and not jurisdictional. The sureties were liable on the instrument and the rights of no party were prejudiced by such omission (section 729 Code.) If the judgment debtor objected to the paper it was his right to apply to the city court of New York and have it corrected.
The counsel for the appellant argues that the action should have been dismissed because the complaint does not show that the executions against all the defendants had been issued by the judgment creditor to the proper court. .The judgment was recovered in the city court of New York against three defendants, Dusenbury, Grant and Parkhurst, and the execution was issued to the city court of New York against the three defendants where Mr. Dusenbury had a place of business and where the partnership was located. The latter fact is not alleged in the complaint, but no motion was made to dismiss on that specific ground, and the complaint should be treated as amended in that respect. Subsequently the plaintiff was appointed receiver in the supplementary proceedings of the property of Dusenbury by a judge of the city court of New York, which appointment was authorized by section 2458 Code, subdivision 1, and a copy of the order appointing the receiver was filed in the office of the clerk of the county of Kings.
There is no proof that execution was issued to the county where either of the defendants resided.
In an action brought by a judgment creditor to set aside fraudulent conveyance, it must appear that the remedy at law *850 has been exhausted and it must be shown that an execution has been issued on the judgment to the county where the debtor resides. This action is not brought by the creditor but by a receiver in supplementary proceedings.
The creditor has taken another remedy and before the receiver was appointed had exhausted his remedy at law against the partnership and against Dusenbury individually. The appointment of the receiver was in ail respects regular and the receiver by such appointment became vested with the real property of Mr. Dusenbury in Kings county upon filing in the office of the county clerk a copy of the order of appointment.
The receiver when appointed was bound to take proceedings to carry out his trust and. while in a certain way he represents the creditor, yet he was an officer of the court and it was his duty to proceed and collect the judgment. The receiver, by chapter 314, Laws of 1858, could treat as void the conveyances in question. It is true that this action is brought in equity and that therefore the same is subject to the rules of equity, and one rule in an action brought by a judgment creditor to set aside a conveyance as fraudulent is, that the remedy at law must be exhausted; competent proof that such remedy is exhausted is made by showing that an execution has been issued against the judgment creditor to the county where he resides and that the same has been returned unsatisfied.
The receiver in this case is regularly appointed and has a right to avoid the conveyances if fraudulent, and yet it is claimed that he cannot so do because no executions have been issued against the other two defendants in the judgment.
The receiver has no power to issue such executions and if the counsel for the appellant is correct in his view of the law on this point, he cannot collect the claim which he represents.
Tbie authorities cited have no bearing on tbe question because they were all cases where the judgment creditor was the plaintiff.
The point is novel and not free from doubt, but we think that the plaintiff made out a prima facie case that the remedy at law had been exhausted, and that, therefore, if the other two defendants in the judgment or either were solvent, the defendants in this case should have proven such fact on the trial, in which case probably the action would have been dismissed.
If it appeared that a judgment debtor against whom an execution had been issued and returned unsatisfied had ample means to pay the judgment the court would dismiss an action brought by a judgment creditor to set aside a fraudulent- conveyance and leave him to issue a new execution, but such a defense'would have to be pleaded as the proof of issuance and return of execution would make out a prima facie case.
*851 The creditor is not required to prove the insolvency of the judgment debtor in any other way.
In the presentíase we think that by the proof of the appointment of the receiver and the vesting of the title of the real property in him, and by showing that the deed and mortgage were fraudulent, plaintiff made out a case calling upon the defendants to show why, in equity, the conveyance and mortgage should not be set aside and. if on equitable grounds, the relief should not be granted, then the defendants should plead and prove facts tending to that conclusion.
The judgment must be modified by striking out in folio 108, the words, “ And that the remainder be paid to the plaintiff to be accounted for by him as receiver pursuant to law.”
Also the judgment should be modified so that the lien of the judgment should be subject to the dower right of Mrs. Dusenbury. And the enforcement of the judgment should be stayed until the plaintiff in the original suit issues an execution and sells the personal property belonging to the judgment debtors •described in the testimony of Mr. Dusenbury and the proceeds applied to the reduction of the judgment. And the judgment in this case must be modified accordingly.
Judgment as modified affirmed without costs and to be settled on two days’ notice by Judge Clement.
REYNOLDS J. concurs. -
A motion for leave to re-argue this case was denied Dec. 1st. 1886.-Ed.